## Petruzzi v. McCowie et al.

*Rappaport, Lagakos & Blank*, for plaintiff.

*A. Levin*, for defendants.

LEWIS, P. J., April 2, 1954.—This complaint in replevin was filed by plaintiff to recover possession of certain equipment contained in a beauty parlor conducted by plaintiff on a part of the premises, 4706 Baltimore Avenue, Philadelphia, which equipment was levied upon by defendant constable on a landlord's warrant issued by the other defendants. Damages for unlawful detention of the property were also sought.

Plaintiff filed a bond and regained possession of the property from the constable. The distress for rent was made under the following circumstances:

On March 21, 1950, plaintiff purchased a beauty parlor business from defendant Rosalie McCowie, and procured a lease from defendants Rosalie McCowie and William McCowie of the premises wherein the business was located, for a term of three years at $75 per month. The lease provided that the lessors should furnish lessee with hot water at all times. On February 7, 1951, lessors disconnected the gas heater that provided hot water to plaintiff. On February 9, 1951, plaintiff, through her attorneys, requested lessors to reconnect the hot water line, failing which plaintiff would do it herself and charge the cost to lessors. Defendants received the notice but failed to take action. From February 7 to 17, 1951, plaintiff did not have hot water for use in conducting her business. As a result the business suffered. Plaintiff employed a plumber, and on February 17, 1951, the hot water heater was reconnected and a meter installed by him. The cost of these repairs was $30. When the rent became due on February 20, 1951, plaintiff deducted the $30 expenditure and sent a check for $45, together with a memorandum of the bill for the plumber's services, to defendant lessors. They accepted the check for $45.

Lessors, on March 27, 1951, alleging there was a balance of $30 due on the rent, caused the landlord's warrant to be issued and executed.

From the evidence, we find as a fact that the land-lords violated a covenant contained in their lease with plaintiff by failing to provide adequate hot water for the conduct of plaintiff's business on the premises. Where a landlord fails to perform a lease covenant there are three remedies available to the tenant: (1) Upon the landlord's failure of performance, the tenant can perform it at his own expense and deduct the cost of

such performance from the amount of rent due and payable, or (2) the tenant can surrender the possession of the premises to relieve himself from any further payment of rent, or (3) he can retain possession of the premises and deduct from the rent the difference between the rental value of the premises as it would have been if the lease had been fully complied with by the landlord and its actual rental value in its present condition: McDaniel v. Mack Realty Company et al., 315 Pa. 174, 177 (1934).

In this case plaintiff elected to follow the first course, after notifying lessors to reconnect the heater or she would do it herself and deduct the cost from the rent. Furthermore, at the trial defendant Rosalie McCowie admitted that she accepted the $45 check in payment of the rent.

The issuance of the landlord's warrant and the execution thereof was illegal, no rent being due.

Hence, the court finds for plaintiff and against defendants as to the right of possession and ownership of the goods and equipment subjected to the levy, and also finds in favor of plaintiff and against defendants jointly in the sum of $50 as damages for detention.